UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vincent Jerode Beaton, *a/k/a Vincent J. Beaton*, | ) C/A No. 9:17-25-CMC-BM |
| Petitioner, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Warden McFadden, | ) |
| Respondent. | ) |

The Petitioner, Vincent Jerode Beaton, proceeding pro se, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is an inmate of the South Carolina Department of Corrections (SCDC), and files this action in forma pauperis under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se petitions are also held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow for the development of a potentially meritorious case. See Hughes v. Rowe, 449

U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

## Discussion

Petitioner states that he is challenging his conviction in the Court of General Sessions for Charleston County (Case Number 2005-GS-10-3949) for murder, for which he was sentenced on January 31, 2007 to forty years imprisonment. Beyond that, Petitioner failed to responsively answer any of the standard § 2254 petition form (Form AO 241) questions or provide additional information (such as his efforts to exhaust his state remedies or his grounds for habeas relief) concerning the conviction and sentence he challenges. See ECF Nos. 1, 1-3, 1-6.[1] Even so, Petitioner appears to challenge the disposition of various civil actions filed by other inmates of the

---

[1] Petitioner originally filed a largely blank petition form with a cover letter indicating that he had submitted the incomplete Petition to be assigned a case number and to have more time to get his case into proper form. ECF Nos. 1, 1-1. In an order dated January 9, 2017, Petitioner was directed to complete and sign a petition form, but even after an extension of time was granted, Petitioner filed an unresponsive petition form on February 14, 2017. ECF No. 1-3. On February 24, 2017, Petitioner filed another (unsigned) petition form titled "affidavit of facts giving judicial notice." ECF No. 1-6.

2

South Carolina Department of Corrections,[2] while on his second petition form Petitioner marked through portions of the form § 2254 petition, replacing § 2254 with "writ of error" and adding "§ 1983."[3] Further, in addition to Warden McFadden (named in the original and the second petition form), Petitioner listed "Judge Robert E. Hood et al" and "parties listed in 8:16-cv-3328 et al" in the Respondent section. ECF No. 1-3 at 1.

Because Petitioner opened this case with a partially completed § 2254 petition form, is "in custody pursuant to the judgment of a State court," and seeks to have his sentence and conviction vacated (see ECF No. 1-3 at 37), the undersigned had analyzed the Petition pursuant to § 2254. See Medberry v. Crosby, 351 F.3d 1049, 1059-60 (11th Cir. 2003)[state prisoner cannot use a § 2241 petition to avoid the restrictions under § 2254]; Leonard v. Hammond, 804 F.2d 838, 840 (4th Cir.1986) ["If a state prisoner, in his complaint, is attacking the validity of his confinement and seeking release, habeas corpus is the exclusive remedy."]; 28 U.S.C. § 2254(a). As such, the proper Respondent in this action is Warden McFadden (the Warden of Lieber Correctional Institution - where Petitioner is incarcerated), because a prisoner's custodian is the proper respondent in a habeas corpus action. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

---

[2]The undersigned notes that this action appears to be derived from similar petitions filed in other cases in this district. See, e.g., Mitchell v. McFadden, No. 5:17-105-BHH-KDW; Cook v. McFadden, No. 1:16-3853-RMG-SVH; Bellamy v. McFadden, No. 4:16-3807-RMG; Duran v. McFadden, No. 1:16-3756-MBS-SVH.

[3]To the extent Petitioner seeks a writ of error coram nobis, this court cannot entertain such a request because this court did not enter the challenged conviction and sentence. Thomas v.Cunningham, 335 F.2d 67, 69 (4th Cir. 1964)[finding that a writ of error coram nobis cannot issue for judgments not in the court in which the petition was filed]. Additionally, if Petitioner is seeking to bring claims pursuant to 42 U.S.C. §1983, he may not present such claims in a habeas action to avoid paying the $350 filing fee. See Altizer v. Dir., Va. Dep't of Corr., No. 7:12-CV-00360, 2012 WL 4619264, at *1 (W.D. Va. Oct.1, 2012).

3



Turning then to the merits (as best they can be determined), this Petition is subject to summary dismissal because Petitioner's allegations are vague and conclusory in violation of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. A habeas petitioner must specify all grounds for relief available to the petitioner and state facts supporting each ground. See Mayle v. Felix, 545 U.S. 644, 655-56 (2005). He may not simply incorporate briefs in other cases by reference. See Hinton v. Trans Union, LLC, 654 F. Supp. 2d 440, 446-47 (E.D. Va. 2009) [finding excessive incorporation by reference in a pleading creates unnecessary confusion]. Moreover, to the extent that Petitioner's requests to "expand the scope and for inclusion" of other persons' lawsuits indicate an intent to incorporate outside documents by reference, Rule 10(c) does not permit the incorporation by reference of the contents of documents from other cases. See, e.g., Muttathottil v. Mansfield, 381 F. App'x 454, 457 (5th Cir. 2010)[another litigant's crossclaim in a different case cannot be incorporated by reference]; Gooden v. Crain, 255 F. App'x 858, 862 (5th Cir. 2007)[litigant could not incorporate claims from previously dismissed action into subsequently filed pleading]; Langella v. Cercone, No. 09-cv-312E, 2010 WL 2402940, *6 n.1 (W.D.Pa. 2010)[Rule 10(c) does not allow pleader to incorporate arguments raised in another party's motion to dismiss"]. Thus, this Petition should be summarily dismissed because Petitioner fails to provide information sufficient to ascertain the grounds he asserts for habeas relief. Cf. Peyatt v. Holland, No. 85-6488, 1987 WL 35854 (4th Cir. Feb. 4, 1987).

Additionally, this Petition should be also dismissed because it is a successive § 2254 Petition. Petitioner previously filed an action challenging the same Charleston County conviction and sentence challenged here in 2013. Summary judgment was granted for the respondent in that



4

case, and the action was dismissed with prejudice. See Beaton v. McCall, No. 9:13-336–RMG, 2014 WL 1874096 (D.S.C. May 8, 2014).[4] "Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or [a 28 U.S.C.] § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); see also Felker v. Turpin, 518 U.S. 651 (1996).

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); see §§ 2244(b)(3)(B), (D).

Felker, 518 U.S. at 657.

Petitioner's previous § 2254 petition was decided on the merits, such that the present Petition is successive. Therefore, the Petition filed in this action should be summarily dismissed because it is successive and there is no indication that Petitioner requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted it to this Court. See Slack v. McDaniel, 529 U.S. 473, 485-89 (2000) [to qualify as a "successive" petition, prior petition must have been adjudicated on the merits].[5]

---

[4] A federal court may take judicial notice of the contents of its own records. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"].

[5] The issue of successiveness of a habeas petition may be raised by the court sua sponte. Rodriguez v. Johnson, 104 F.3d 694, 697 n. 1 (5th Cir. 1997); Simmons v. South Carolina, C/A No. 6:14-4803-RBH, 2015 WL 2173233, at *4 (D.S.C. May 8, 2015) [adopting and incorporating Report and Recommendation].



5

Even if Petitioner is attempting to bring this successive petition on grounds not raised in his original petition, under the AEDPA an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals,[6] as the "gatekeeping" mechanism of 28 U.S.C. § 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[7] See In re Williams, 364 F.3d 235, 238 (4th Cir. 2004) [the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"]; In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ["Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [the Fourth Circuit Court of Appeals] under the standard established in section 2244(b)(3)(C)."]; United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)["In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."].

---

[6]A petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, see 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). See Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). Even if a petitioner's grounds for relief satisfy these strict requirements, however, the Fourth Circuit is still the proper tribunal to make that decision when authorization is requested, not the district court. "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

[7]Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."



6

## Recommendation

There is no indication that Petitioner has received permission from the Fourth Circuit Court of Appeals before filing the present Petition. Consequently, this Court has no jurisdiction to consider the instant § 2254 Petition. See In re Williams, 444 F.3d at 236-37 (4th Cir. 2006); United States v. Winestock, 340 F.3d at 205 (4th Cir. 2003).

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.



Bristow Marchant
United States Magistrate Judge

April 18, 2017
Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

